IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RASHAAN SHARIF,<br>　　Plaintiff,<br><br>vs.<br><br>NORTHSIDE CORP.,<br>　　Defendant. | :<br>:　Civil Action Number:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

Plaintiff Rashaan Sharif, ("Sharif") by and through undersigned counsel and pursuant to Fed. R. Civ. P. 7, brings this Complaint against Defendant Northside Corp. ("Northside") and shows the Court as follows:

## INTRODUCTION

1.

Sharif brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 *et seq*.), (hereinafter "the FLSA") to (1) recover due but unpaid overtime compensation and an additional like amount as liquidated damages; and (2) to be reimbursed his costs of litigation, including his reasonable attorneys' fees.

## JURISDICTION AND VENUE

2.

The Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C §

1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Northside is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**THE PARTIES**

4.

Sharif resides in Fulton County, Georgia.

5.

Northside employed Sharif as a security guard in Atlanta, Georgia from October 2008 until the date of filing of this Complaint.

6.

At all times material hereto, Sharif has been an "employee" of Northside as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

From on or about February 2011 until the date of filing of this Complaint, Sharif has been "engaged in commerce" as an employee of Northside as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

8.

Northside is a corporation organized under the laws of the State of Georgia.

9.

At all times material hereto, Northside has been an "employer" of Sharif as defined in FLSA § 3(d), 29 U.S.C. §203(d).

10.

From on or about February 2011 until the date of filing of this Complaint, Northside was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

11.

During 2011, Northside had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

12.

During 2012, Northside had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

13.

During 2013, Northside had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

14.

During 2014, Northside had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

15.

During 2011, Northside had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

16.

During 2012, Northside had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

17.

During 2013, Northside had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

18.

During 2014, Northside had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

19.

During 2011, Northside had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

20.

During 2012, Northside had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

21.

During 2013, Northside had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

22.

During 2014, Northside had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

23.

At all times material hereto, Northside has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

24.

Northside is subject to the personal jurisdiction of this Court.

25.

Northside may be served with process through its registered agent Bret L. Block, Esq., 2060 Mt. Paran Road, Suite 106, Atlanta, Georgia 30327.

26.

At all times material hereto, Sharif was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in the FLSA or in the regulations promulgated pursuant to the FLSA.

27.

At all times material hereto, Northside did not employ Sharif in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

28.

At all times material hereto, Northside did not employ Sharif in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

29.

At all times material hereto, Northside did not employ Sharif in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

30.

At all times material hereto, Northside did not employ Sharif in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

**COUNT I — FAILURE TO PAY OVERTIME**

31.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

32.

At all times material hereto, Sharif has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

33.

During his employment with Defendant, Sharif regularly worked in excess of forty (40) hours each week.

34.

Defendant failed to pay Sharif at one and one half times his regular rate for work in excess of forty (40) hours from February 2011 until October 2013.

35.

Defendant willfully failed to pay Sharif at one and one half times his regular rate for work in excess of forty (40) hours from February 2011 until October 2013.

36.

Sharif is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

37.

As a result of the underpayment of overtime compensation as alleged above, Sharif is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

As a result of the underpayment of overtime compensation as alleged above, Sharif is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1. That Sharif be awarded an amount to be determined at trial against Northside in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3. That Sharif be awarded his costs of litigation, including his reasonable attorneys' fees from Defendant; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

**DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC**

*/S/CHARLES R. BRIDGERS*
CHARLES R. BRIDGERS
GA. BAR NO. 080791

3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3171
(404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com

*/S/ KEVIN D. FITZPATRICK, JR.*
KEVIN D. FITZPATRICK, JR.
GA. BAR NO. 262375
**COUNSEL FOR PLAINTIFF**