## SETTLEMENT AGREEMENT

This Settlement Agreement ("the Agreement") is made and entered into by and between **Northside Corporation,** its owners, parents, subsidiaries, divisions, related corporations, directors, officers, agents, managers and assigns ("**DEFENDANT**"), and **Rashaan Sharif**, his agents, assigns, heirs, executors, administrators and successors, ("**PLAINTIFF**").

## W I T N E S S E T H:

**WHEREAS, PLAINTIFF** is employed by **DEFENDANT,** and

**WHEREAS,** on February 17, 2014, **PLAINTIFF** instituted a civil action in the United States District Court for the Northern District of Georgia, styled *Rashaan Sharif v. Northside Corp.,*, which was assigned Civil Action No 1:14-cv-00446-GGB (hereinafter "the Civil Action"); and

**WHEREAS, PLAINTIFF** asserts claims in the Civil Action for failure to pay overtime wages under the Fair Labor Standards Act and seeks damages for back pay, liquidated damages, attorney's fees, and costs; and

**WHEREAS, DEFENDANT** has denied and continues to deny any liability to **PLAINTIFF** on the basis of any claim, asserted or unasserted, in the Civil Action; and

**WHEREAS,** the Agreement constitutes a good faith settlement of questionable and disputed claims; and

**NOW, THEREFORE,** in exchange for good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, **DEFENDANT** and **PLAINTIFF** agree as follows:

## CONSIDERATION

1.

**DEFENDANT** will cause to be paid jointly to **PLAINTIFF** and his attorneys the total sum of Twenty Two Thousand Dollars ($22,000.00) as follows: (1) a check in the amount of Four Thousand Dollars and No Cents ($4,000.00), less appropriate deductions for tax purposes, made payable to "Rashaan Sharif", which amount is allocated as back pay and for which a W-2 form will be issued; (2) a check in the amount of Four Thousand Dollars and No Cents ($4,000.00) made payable to "Rashaan Sharif", which amount is allocated as liquidated damages and for which a 1099 Form designating box 3 "other income" will be issued; and (3) a check in the amount of Fourteen Thousand Dollars and No Cents ($14,000.00) made payable to "Kevin D. Fitzpatrick, Jr.," which amount is allocated as attorneys' fees and expenses of litigation and for which a 1099 Form will be issued. These payments will be made within ten (10) calendar days after entry of an order by the Court in the Civil Action approving this Agreement. The foregoing sums are inclusive of all attorneys' fees and legal costs and expenses, and are in full accord, satisfaction, and final compromise settlement of all disputed claims between

42 the parties for monetary, legal and equitable relief, interest, attorneys' fees, and le-
43 gal costs and expenses, including but not limited to those claims set forth and/or
44 which could have been set forth in the Civil Action.  **DEFENDANT** agrees that
45 the attorneys' fees and costs allocated herein are reasonable and customary as to
46 the rate charged, the work done and the time billed for that work.  Except as ex-
47 pressly provided for in this Paragraph, the parties shall bear their own costs with
48 respect to the Civil Action, including attorneys' fees and costs and all out-of-
49 pocket expenses.

50 <u>**DISMISSAL OF ACTION**</u>

51 2.

52 Upon satisfaction of the requirements set forth in Paragraph 1 above,
53 **PLAINTIFF** will prepare a file a Stipulation of Dismissal With Prejudice in the
54 Civil Action.

55 <u>**WAIVER AND RELEASE OF ALL CLAIMS**</u>

56 3.

57 **PLAINTIFF**, for himself, his attorneys, agents, assigns, heirs, executors,
58 administrators and successors, hereby fully, finally and forever releases and dis-
59 charges **DEFENDANT** and all of its present or former attorneys, officers, offi-
60 cials, employees, assigns, principals and/or agents from any and all claims, de-
61 mands, actions, causes of action, suits, damages, losses, costs, expenses and attor-

neys' fees of any kind and every character whatsoever, whether known or unknown, which he has or may have against them growing out of or arising from or pertaining to the payment of wages by Defendant to Plaintiff or any matter governed by the Fair Labor Standards Act of 1938, as amended.

4.

PLAINTIFF represents and warrants that Charles R. Bridgers and Kevin D. Fitzpatrick, Jr. of Delong Caldwell & Bridgers & Fitzpatrick, LLC are, and have been, the sole attorneys for him with respect to the Civil Action, and all claims set forth therein; that no other attorney or law firm has any claim for legal fees, costs, and/or expenses relating to the Civil Action; and that the amounts paid by DEFENDANT under the Agreement are intended to include all legal fees, costs, and/or expenses for which DEFENDANT could be liable in connection with the Civil Action.

## WARRANTY

5.

PLAINTIFF represents and warrants that he alone is entitled to assert the claims he raised against DEFENDANT in the Civil Action. PLAINTIFF further represents and warrants that he is fully authorized to enter into this Agreement and that he has not transferred or assigned any right to any claim or recovery against Defendants. PLAINTIFF agrees to indemnify and hold DEFENDANT harmless

82 from any claim by any other person who is determined to have the right or authori-
83 ty to assert any claim on his behalf against **DEFENDANT** or by reason of any
84 such transfer or assignment, as described in this Paragraph, and further agrees to
85 indemnify and hold **DEFENDANT** harmless from any costs, expenses or damages
86 sustained by reason of any such claim.

87 **ENTIRE AGREEMENT**

88 6.

89 **PLAINTIFF** affirms that the only consideration for his agreement to exe-
90 cute, and his execution of the Agreement, are the terms stated herein and that there
91 are no other promises or agreements of any kind that have caused his to execute the
92 Agreement; that he fully understands the meaning and intent of the Agreement, in-
93 cluding but not limited to its final and binding effect; that he has been advised to
94 consult with legal counsel prior to executing the Agreement; that he has had a rea-
95 sonable period of time within which to consider the Agreement; and that he has
96 had the benefit of legal counsel before executing the Agreement.

97 **REMEDIES FOR BREACH**

98 7.

99 In the event of a breach of any of the terms of the Agreement by
100 **PLAINTIFF, or DEFENDANT,** the prevailing party shall be entitled to all reme-
101 dies or damages at law, and in addition thereto, shall be entitled to recover all costs

and expenses, including reasonable attorneys' fees, incurred in enforcing any rights hereunder. In the event of a breach by **DEFENDANT**, the entire outstanding principal balance shall immediately become due and payable. Interest shall accrue on the outstanding balance at the statutory rate.

## CONSTRUCTION

8.

Any modification or change to this Agreement must be made in writing with the consent of all parties

## OTHER RELIEF, AGREEMENTS AND COVENANTS

9.

This Agreement is made and entered into in the State of Georgia and shall be interpreted under and governed by the laws of the State of Georgia.

10.

Each provision of this Agreement shall be considered separable, distinct and severable from the other and remaining provisions, and any breach, invalidity or unenforceability of any provision shall not impair the operation, validity or enforceability of those provisions that are valid and, to the extent allowed by law, such invalid or otherwise unenforceable provision may be modified by a court of competent jurisdiction so as to render it enforceable.

## JURISDICTION AND VENUE

11.

Any proceeding to interpret or enforce the terms of this Agreement shall take place in a state court located in Fulton County, Georgia or in the United States District Court for the Northern District of Georgia, and **PLAINTIFF** and **DEFENDANT** consent and agree to the jurisdiction of such courts and the venue of such proceedings.

**IN WITNESS WHEREOF,** the undersigned have hereunto set their hand and seal this _____ day of September 2014.

_____
Rashaan Sharif

Sworn to and subscribed before me this ____ day of September 2014.

_____
NOTARY PUBLIC
My Comm'n Expires:

_____
Northside Corporation
By KOGER BRUCE
Its ASSISTANT GENERAL MANAGER

Sworn to and subscribed before me this 15 day of September 2014.

NOTARY PUBLIC
My Comm'n Expires:

LAN THUY PHAM
Notary Public
Gwinnett County
State of Georgia
My Commission Expires Feb 12, 2016

122
123                    **JURISDICTION AND VENUE**
124                              11.
125    Any proceeding to interpret or enforce the terms of this Agreement shall
126 take place in a state court located in Fulton County, Georgia or in the United States
127 District Court for the Northern District of Georgia, and **PLAINTIFF** and
128 **DEFENDANT** consent and agree to the jurisdiction of such courts and the venue
129 of such proceedings.
130    **IN WITNESS WHEREOF**, the undersigned have hereunto set their hand
131 and seal this 19th day of September 2014.

132                                         _R. F. Sharif_
133                                         Rashaan Sharif
134 Sworn to and subscribed
135 before me this 19th day
136 of September 2014.
137
138 _Amy Taylor_                            AMY TAYLOR
139 NOTARY PUBLIC                           NOTARY PUBLIC
140 My Comm'n Expires: 01/16/2017           PRINCE GEORGE'S COUNTY
141                                         MARYLAND
142                                         My Commission Expires 01/16/2017
                                         Northside Corporation
143                                         By _____
144                                         Its _____
145 Sworn to and subscribed
146 before me this ____ day
147 of September 2014.
148
149 _____
150 NOTARY PUBLIC
151 My Comm'n Expires:

7